TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00142-CR






Jeanna Faye Stone, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY


NO. 02-2866-1, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Jeanna Faye Stone guilty of class A misdemeanor theft. See
Tex. Pen. Code Ann. § 31.03(a), (e)(3) (West Supp. 2004). The court sentenced her to 365 days in
jail and a $100 fine, but it suspended imposition of the sentence and placed her on community
supervision. In two points of error, appellant contends the evidence is legally and factually
insufficient to support the finding of guilt. We will overrule these contentions and affirm.

In a legal sufficiency review, the question is whether, after viewing all the evidence
in the light most favorable to the verdict, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324
(1979); Griffin v. State, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). A factual sufficiency
review asks whether a neutral review of all the evidence, both for and against the finding of guilt,
demonstrates that the proof of guilt is either so obviously weak or so greatly outweighed by contrary
proof as to undermine confidence in the jury's determination. See Johnson v. State, 23 S.W.3d 1,
11 (Tex. Crim. App. 2000).

Emilio Hernandez testified that he was employed as a door greeter at a Wal-Mart
store in Round Rock. On the day in question, he was working at the gate leading into and out of the
garden center. Appellant approached the gate as if to leave, pushing a shopping cart containing an
unboxed personal computer, including the central processing unit, monitor, and keyboard. 
Hernandez asked to see the sales receipt. Appellant looked through her purse and told Hernandez
she could not find the receipt. She also told him that she had purchased the computer in the
electronics department. He instructed her to return there and obtain her receipt.

Shirley McAdams testified that she was the assistant manager of the Round Rock
Wal-Mart. After being told what had happened in the garden department, McAdams looked for and
found appellant, and began to follow her. Appellant pushed the cart containing the computer past
the general merchandise checkout point, through the inner doors of the store's vestibule, and then
through the outer doors onto the sidewalk. At this point, McAdams stopped appellant and asked to
see the receipt for the computer. Once again, appellant claimed to have purchased the computer but
could not find the receipt. McAdams took appellant to an office and called the police. When
McAdams asked her why she was stealing the computer, appellant said she needed it to write stories. 
McAdams testified that the computer was a display model on sale for $798.

Appellant testified that she went to the Wal-Mart to purchase a computer. She took
the display model because its price was lower than comparable computers still in the box. She then
went to the garden center to look for a plant. She denied speaking to Hernandez. Instead, she said
she spoke to another employee and asked him how to open a credit account. He told her to go to the
layaway department. According to appellant, she found the layaway department but did not see any
credit applications. She then pushed her cart to the front of the store and into the vestibule, where
she had seen a rack with various pamphlets. According to appellant, it was at this spot, while she
was still inside the store and looking for a credit application, that she was stopped by McAdams. 
Appellant testified that she did not intend to steal the computer.

Appellant contends the evidence is legally insufficient because there is no evidence
that she was not looking for a credit application and because the State failed to introduce store
security videotapes that might have shown whether she was stopped inside or outside the store. The
question presented, however, is whether the evidence the State did introduce, when viewed in the
light most favorable to the jury's verdict, supports a finding of guilt beyond a reasonable doubt. 
Applying that standard, we conclude that the evidence is legally sufficient to prove each element of
theft. Point of error one is overruled.

In her factual sufficiency challenge, appellant essentially asks this Court to reweigh
the evidence, discount the testimony of the State's witnesses, and accept appellant's testimony as
true. But even in a factual sufficiency review, we must accord due deference to the fact finder's
determinations, particularly those concerning the weight and credibility of the evidence. Johnson,
23 S.W.3d at 9. We may disagree with the fact finder only when the record clearly indicates that
such a step is necessary to prevent a manifest injustice. Id. Viewing all the evidence neutrally, and
giving due deference to the jury, we find that the evidence of guilt is neither so obviously weak nor
so greatly outweighed by contrary proof as to undermine confidence in the jury's determination. 
Point of error two is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: March 25, 2004

Do Not Publish